# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DOCKET NO. 3:08-MC-3**
**(Doc. No. 1)**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| STANDING ORDER GOVERNING | ) |
| CRIMINAL CASES BEFORE THE | ) |
| HONORABLE FRANK D. WHITNEY | ) |
| | ) |

This Order shall apply to all criminal cases in which the initial charging document is filed on or after 1 February 2008 and that are assigned to the docket of the Honorable Frank D. Whitney.

**I.    TRIAL CALENDAR**

    A.    **Scheduling Order.** Upon the arraignment of a defendant or written waiver of arraignment, the magistrate judge shall issue an Arraignment Order substantially conforming to the model appended hereto as <u>Exhibit A</u>, along with the District's Standard Criminal Discovery Order.

    B.    **Initial Trial Setting.**

        1.    <u>Magistrate Judge's Authority to Grant Presumptive Continuance on the Court's Own Motion.</u> Upon the entry of a not guilty plea, the magistrate judge is authorized to grant a single presumptive continuance (and resolve any objections to this presumptive continuance) and calendar the case for trial at the *second* scheduled trial term[*] following the date of arraignment or

---

[*] Counsel are advised that criminal trials calendared during the Court's criminal trial term may be carried over and tried during the contiguous mixed trial term.

written waiver of arraignment, as set forth in the third and fourth columns of the Court's <u>Standing Order Governing the Calendaring of Hearings and Trials</u>, Misc. No. 3:07-MC-47 (Doc. No. 1). While this trial setting may fall outside the 70-day window required by the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, this scheduling policy is based upon the Court's considered judgment (to be determined on a case-by-case basis by the arraigning magistrate judge) that the ends of justice served by granting one continuance nearly always outweigh the interests of the public and the defendant in a speedy trial. If either the defendant or the Government objects to this presumptive magistrate's continuance, such objection must be made at the time of arraignment or written waiver of arraignment or will be deemed waived.

2. <u>Scheduling Conflicts of Counsel.</u> Conflicts of counsel will justify an extended magistrate's continuance (i.e., beyond the second scheduled trial term following the date of arraignment) only in the following circumstances: (i) an actual conflict with a state death penalty case (virtually all other state cases must yield to federal cases), (ii) an actual conflict with another federal criminal case in which a trial date has already been calendared, and (iii) a conflict with a prescheduled vacation of which the Court has been duly notified in writing. Notice of known or anticipated conflicts should be communicated to the Court not later than the date of arraignment or written waiver of arraignment, so that a trial setting acceptable to all counsel is

reflected in the magistrate judge's Arraignment Order. Once a trial date has been set, however, a continuance may only be obtained by motion directed to the presiding district judge.

    C.    **Additional Continuances of Trial By District Judge Upon Motion of a Party.**

        1.    <u>Routine vs. Non-Routine Cases.</u> There is a strong presumption against more than one continuance in the majority of "routine" cases. Cases that fall outside of the "routine" category and which are therefore likely to receive a peremptory setting include: (i) complex fraud or like cases with an exceptional amount of witnesses or documentary evidence, (ii) complex multi-defendant organized crime prosecutions (not including routine drug conspiracies), (iii) cases affecting national security or which involve classified information, (iv) cases in which witnesses must be brought in from abroad, and (v) any other type of case that ordinarily would justify a peremptory trial setting. The procedure for obtaining a peremptory trial setting in qualifying non-routine cases is set forth in Section I.D, below.

        2.    <u>Exceptional Circumstances Required for Continuance of "Routine" Cases Beyond the Magistrate's Trial Setting.</u> All further motions for continuance must state bona fide grounds sufficient to overcome the presumption against continuances. Exceptional circumstances in which a motion to continue will be entertained include, without limitation, cases where: (i) the competency of a defendant to stand trial has been put in issue; (ii) the Court conducted an inquiry into counsel and determines that new counsel must be appointed less

than thirty (30) days before a scheduled trial; (iii) an unforeseen emergency has resulted in the unavailability of a defendant, counsel, or a key witness for trial; or (iv) other substantial hardship exists.

3. <u>Filing of Motion for Continuance Does Not Relieve Counsel of Trial Responsibilities.</u> The Court may elect to defer ruling upon motions to continue until docket call. If a decision on a motion to continue has not issued prior to docket call, counsel of record (or a substitute if necessary) are expected to appear at docket call and be prepared to try the case during the scheduled trial term in the event that the motion for continuance ultimately is denied.

D. **Peremptory Trial Settings.** An appropriate written motion to the presiding district judge must be made to obtain a peremptory trial setting in a qualifying non-routine case. The motion must be joined by all parties or must state the position of all parties on the request, and must also state with particularity the grounds that would justify a peremptory trial setting. If a case is given a peremptory trial setting, the Court may also reset the deadlines for pretrial motions as necessary.

II. **TRIAL PROCEDURES**

A. **Final Pretrial Conference.** Unless requested by a party, the Court will *not* conduct a final pretrial conference in criminal cases. Routine pretrial motions will be disposed of as provided in Section II, below.

B. **Jury Trials.** The general procedures governing jury trials (including the Court's pattern jury instructions) are set forth in the Court's <u>Standing Order Governing Jury</u>

Selection and Instruction in Criminal Cases Before the Honorable Frank D. Whitney, No. 3:08-MC-3 (Doc. No. 2). Trial briefs are not required but may be filed at the election of counsel if briefing would substantially aid the Court at trial.

C. **Bench Trials.** If a defendant elects a bench trial, the Court encourages the parties to file trial briefs that succinctly outline the elements of the charged offense(s) and any contested issues of law that counsel are able to anticipate in advance of trial.

D. **Closing Arguments.** As a general rule, each side will be limited in their time for closing arguments according to the following formula: twenty (20) minutes for the first day of trial and fifteen (15) minutes for each additional day of trial, with a maximum of ninety (90) minutes.

E. **Authentication of Documents.** In order to promote the efficient use of Court time, the Court *strongly encourages* parties to stipulate to the authenticity of documents, where possible, or utilize the certification procedures of Fed. R. Evid. 902 for the authentication of documents.

F. **Trial Exhibits.** The parties are directed to maintain all exhibits offered and admitted in this case during trial and the pendency of any appeal, and the Clerk is relieved of all responsibility for trial exhibits.

III. **PRETRIAL MOTIONS**

A. **Rule 12(b)(3) Motions.** All motions required to be made under Rule 12(b)(3) of the Federal Rules of Criminal Procedure (including, for example, motions to dismiss and motions to suppress evidence) will be scheduled for hearing at a time to be noticed by the Court during the week-long motions/sentencing term immediately preceding

the trial term for which the case is set, as set forth in the first column of the Court's Standing Order Governing the Calendaring of Hearings and Trials, No. 3:07-MC-47 (Doc. No. 1). Any such motions (together with any memorandum of law in support) are due to be filed not later than eight (8) business days before the first day of the motions term, with any memorandum in opposition due to be filed not later than one (1) business day before the first day of the term. See Local Criminal Rule 47.1(E). The Government need not file a written opposition to a Rule 12(b)(3) motion if such motion involves well-established law and the Government attorney can sufficiently address the issues presented at hearing.

B.  **Notice of Certain Defenses.**  Any notice by the defendant that is required by Federal Rule of Criminal Procedure 12.2 or 12.3 is due to be filed not later than the date established above for the filing of Rule 12(b)(3) motions.

C.  **Other Pretrial Motions.**  Motions for the issuance of subpoenas at government expense under Federal Rule of Criminal Procedure 17(b) and applications for writs of habeas corpus *ad prosequendum* or *ad testificandum* are due to be filed within the time periods specified by Local Criminal Rules 17.2 and 17.3. All other pretrial motions (including, for example, motions for continuance or a peremptory trial setting, *Daubert*-type motions, and motions *in limine* which are reasonably anticipated in advance of trial) are due to be filed not later than eight (8) business days before the first day of the trial term during which the case has been set for trial, with any response in opposition due to be filed not later than one (1) business day before the first day of the trial term. See Local Criminal Rule 47.1(E). Counsel need

not file a written opposition to a pretrial motion if such motion involves well-established law and the attorney can sufficiently address the issues presented at hearing.

    D.    **Estimate of Time.** All non-routine pretrial motions must contain counsel's good faith estimate of how much court time will be required to hear any evidence and/or argument pertaining to the motion. See Local Criminal Rule 47.1(B).

    E.    **Effect of a Continuance of Trial.** Unless otherwise provided, an Order granting a continuance from the trial setting set forth in the Arraignment Order will delay the deadline for filing Rule 12(b)(3) motions until eight (8) business days before the motions/sentencing term immediately preceding the new trial setting and the deadline for filing all other motions until eight (8) business days before the first day of the new trial term. However, a deadline will not automatically reset if at the time the continuance is granted the relevant deadline has already passed.

    F.    **Effect of Mistrial.** In the event of a declaration of mistrial, any further pretrial motions will be due to be filed not later than eight (8) business days before the trial term for which the case is set for retrial. If there are *newly discovered grounds* to make a Rule 12(b)(3) motion, such motion will be due to be filed not later than eight (8) business days before the motions/sentencing term immediately preceding the trial term for which the case is set for retrial.

## IV. PLEA AGREEMENTS AND CHANGE-OF-PLEA HEARINGS

    A.    A defendant who wishes to change his or her plea must promptly notify the Clerk of Court and the Government.

B. A plea agreement, once executed, shall be filed with the Court as soon as practicable. Once a plea agreement has been filed with the Court, the trial setting shall be discontinued and the Speedy Trial clock will not run pending the Rule 11 hearing. See 18 U.S.C. § 3161(h)(1)(I).

C. A defendant who enters a plea of guilty which is accepted by a judicial officer (including a magistrate judge by consent of the defendant) has been "found guilty" within the meaning of the Bail Reform Act and therefore shall be subject to the pre-sentence detention provisions of 18 U.S.C. § 3143. See United States v. Moffitt, No. 3:06-CR-66, 2006 WL 3240752 (W.D.N.C. Nov. 7, 2006). Where the mandatory post-plea detention provisions of the Bail Reform Act are applicable, a defendant who has executed a plea agreement may remain on bond for purposes of cooperation only if the Government and defendant jointly file a consent motion, under seal, to delay the Rule 11 hearing until after the defendant's cooperation has been exhausted. Should the Government utilize this procedure, the Court encourages the Government to obtain from the defendant a signed admission to the elements of the offense(s) to be filed with the plea agreement.

V. **SENTENCING PROCEDURES**

A. **Scheduling.** A defendant who is adjudged guilty should expect to be sentenced during the first available sentencing term after the expiration of thirty-five (35) days following service of the Presentence Investigation Report (PSR) by the United States Probation Office. The Court's regularly scheduled motions/sentencing terms are set forth in the first column of the Court's Standing Order Governing the Calendaring

of Hearings and Trials, No. 3:07-MC-47 (Doc. No. 1). The Court will notify the defendant and counsel of the specific date, location, and time to appear. Unless extra time is requested (e.g., due to a need to present witness testimony or adequately argue complex legal issues), thirty (30) minutes will be allocated for each sentencing hearing.

B. **Obtaining Extra Time or Alternate Date for Sentencing Hearing; Continuances.** Informal requests for extra time (i.e., more than the default thirty minute allotment) or for an alternate sentencing date during the same sentencing term should be directed to Deputy Clerk Candace Cochran (Tel: 704.350.7402), provided that the request is made within five (5) business days after receipt of the ECF Notice of Hearing. The Clerk shall make every effort to honor timely scheduling requests. Motions for a continuance to a subsequent sentencing term are due to be filed on or before the deadline for filing other sentencing-related motions.

C. **Objections to the Presentence Investigation Report.** Any objections to the PSR must be served not later than fourteen (14) days after receipt of the PSR. See Fed. R. Crim. P. 32(f)(1). An extension of up to seven (7) calendar days may be granted at the discretion of the United States Probation Office; otherwise, enlargements of time may be obtained only upon written motion to the Court. Each objection to a PSR shall:

1. Specify the page and paragraph of the PSR to which the objection applies;

2. Include a proposed amendment or modification to the language of the relevant paragraph of the PSR; and

3. Include a statement as to how the calculations of the defendant's offense level and/or criminal history will be affected if the objection is allowed, including calculations of the resulting Guidelines ranges for imprisonment and fines.

D. **Motions for Departure/Variance; Sentencing Memoranda.** Any motion for a departure or variance from the advisory Sentencing Guidelines range, as well as any sentencing memorandum counsel may wish to submit for the Court's consideration, must be filed not later than eight (8) business days before the first day of the motions/sentencing term, with any memorandum in opposition due to be filed not later than one (1) business day before the first day of the term.

IT IS SO ORDERED.

Signed: January 30, 2008

Frank D. Whitney
United States District Judge